O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA M. LANDERS, | Case No. ED CV 04-668 AN |
| Plaintiff, | MEMORANDUM AND ORDER |
| v. | |
| JO ANNE B. BARNHART, COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

Pursuant to 42 U.S.C. § 405(g), Plaintiff is seeking judicial review of the final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act ("Act"). Both parties have consented to proceed before the undersigned Magistrate Judge. In accordance with the Court's Case Management Order, the parties have filed a joint stipulation and request for an order summarily deciding the issues concerning remand and/or immediate payment of benefits ("JS"). For the reasons stated below, Plaintiff's request for an order remanding the case for further proceedings pursuant to Sentence Four is denied, and the Commissioner's request for an order affirming her final decision is granted.

The relevant background facts are familiar to both parties and Plaintiff has

stipulated that the decision of the Administrative Law Judge ("ALJ") fairly and accurately summarizes the hearing testimony and medical evidence in the record except as noted in her contentions.

In the JS, Plaintiff claims that the ALJ erred when he failed to consider the opinion of disability expressed by her treating physician, Jorge Rivera, M.D. [JS 3-4.] The Commissioner disagrees.

The evidence in the record shows Plaintiff is alluding to the opinion that Dr. Rivera expressed in a one page EDD form dated December 19, 2001. [JS at 3:17-21; Administrative Record ("AR") at 142.] In this form, Dr. Rivera opined that Plaintiff was disabled from a perforated ulcer, which he characterized as a "devastating illness." [AR at 142.] However, Dr. Rivera refrained from estimating if Plaintiff would be able to return to work. [*Id*.] Approximately a month later, on January 16, 2002, Dr. Rivera filled out another EDD form in which he diagnosed Plaintiff as having a hernia and a perforated ulcer; however, in this form, he opined that she was "unable to return to work with current condition until repair." [AR at 141.] Plaintiff's medical records establish that Plaintiff had the surgery to repair her hernia on February 12, 2002. [AR at 16, 157, 159, 174.] On December 26, 2002, Plaintiff was examined by Dr. Gerson who reported Plaintiff had mild to moderate tenderness in the abdominal lower quadrants but opined that Plaintiff was capable of medium work. [16, 176.] On December 10, 2003, Plaintiff testified that she had no residual effects from the hernia, only from alleged back and hand pain. [AR 36-37.]

Generally, an ALJ must give specific, legitimate reasons supported by substantial evidence in the record in order to reject a controverted opinion of a treating physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995); *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his [or her] interpretations thereof, and making findings." *Magallanes*, *Id*. Further, the opinion of a treating physician "is not,...necessarily conclusive as to either a physical condition or

the ultimate issue of disability." *Id.*, 881 F.2d at 751. Nor is an ALJ required to accept a treating physician's opinion that is "brief and conclusionary in form with little in the way of clinical findings to support [its] conclusion." *Id.*

The ALJ did not specifically mention or refer to Dr. Rivera's opinion in his decision. However, the ALJ's decision does set forth a detailed summary of the facts and conflicting clinical evidence that he considered in connection with determining the severity of her hernia and ulcer impairments, stated his interpretations thereof, and made findings, which included his reasons for giving the more weight to Dr. Gerson's opinion. Meanwhile, Dr. Rivera's opinion is brief, conclusory and is not supported by any of his clinical findings. Further, he expressly qualified his opinion by stating Plaintiff would only be unable to work until the hernia was repaired. The undisputed evidence shows that the hernia was repaired less than a month after Dr. Rivera expressed his aforementioned opinion, and Plaintiff's testimony confirms that she is not disabled from her hernia or ulcer. Accordingly, the Court finds ALJ's failure to expressly mention and give a specific reason for favoring Dr. Gerson's opinion over the opinion expressed by Dr. Rivera constitutes a harmless error that does not warrant a remand. *Curry v. Sullivan*, 925 F.2d 1127, 1129 (9th Cir. 1990).

For the reasons discussed above, the Court finds that in denying Plaintiff's claims for benefits he did commit an error, however, the error is harmless and his ultimate finding that Plaintiff is not disabled is supported by substantial evidence in the record. Accordingly, Plaintiff's request for an order remanding this case for the immediate payment of benefits or further proceedings is DENIED, and the Commissioner's request for an order affirming the Commissioner's final decision and dismissing the action is GRANTED. The clerk shall enter judgment, close the file and terminate all pending motions.

DATED:   October 19, 2005        /s/ Arthur Nakazato
                                 ARTHUR NAKAZATO
                                 UNITED STATES MAGISTRATE JUDGE